

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Geoffrey Teed and Kiyoko Teed | : | CIVIL ACTION NO. |
| | : | ___ -Civil- _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | Plaintiff Demands |
| | : | A Trial by Jury |
| Repro Lab, Inc. | : | |
| | : | **07 CIV. 4097** |
| Defendant. | : | May 22, 2007 |

**BRIEANT**

## COMPLAINT

### INTRODUCTION

1.      This is an action to redress the Defendant's wrongful destruction of the Plaintiffs' sperm and injuries and losses therefrom, including severe emotional distress, humiliation, embarrassment, lost opportunity to reproduce, lost ability to reproduce, lost right to reproduce and others under the common, statutory and regulatory law of the State of New York.

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a) because the Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000 and this Court's supplemental jurisdiction under 28 U.S.C. §1367(a).

### PARTIES

3.      During all times relevant to this complaint the Plaintiffs, Geoffrey Teed and Kiyoko Teed were citizens of the United States and resided in the State of Connecticut.

4.      The Defendant, Repro Lab, Inc. ("Repro Lab") is a corporation organized and existing under the Executive Law of New York.

5.      Repro Lab's headquarters are in New York, New York.

**THE FACTS**

6.      The Defendant is a sperm bank providing sperm cryopreservation and storage.

7.      The Defendant provides patients and/or customers an opportunity to preserve their sperm for later use in reproduction.

8.      The Defendant's patients and/or customers diagnosed with medical conditions use these services when treatment for their medical condition will render them sterile.

9.      Sperm cryopreservation is the only established method of fertility preservation for men.

10.     The Plaintiff, Geoffrey Teed, contacted the Defendant, Repro Lab following his diagnosis with cancer.

11.     The Defendant learned of the Plaintiff, Geoffrey Teed's diagnosis with cancer and the impending chemotherapy that would render him sterile.

12.     The Plaintiff, Geoffrey Teed, reached an agreement with the Defendant, Repro Lab that provided for proper cryopreservation and storage of his sperm.

13.     On or about January 13, 1997, the Plaintiff, Geoffrey Teed, deposited three vials of sperm with the Defendant, Repro Lab.

2

14.     At that time and place, the Defendant began cryopreservation and storage of the sperm.

15.     At all times relevant herein, the Plaintiffs were the legal owners and had sole discretion over the disposition of the sperm.

16.     The vials of sperm stored by the Defendant were the Plaintiff, Geoffrey Teed's only means of reproducing.

17.     After January 13, 1997, the Plaintiff, Geoffrey Teed, underwent chemotherapy that rendered him sterile.

18.     On March 7, 1997 the Plaintiffs paid $300 for cryopreservation and storage of the sperm.

19.     On August 24, 1998 the Plaintiffs paid $150 for continued cryopreservation and storage of the sperm.

20.     On October 9, 1998 the Plaintiffs paid $100 for continued cryopreservation and storage of the sperm.

21.     On March 26, 1999, the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

22.     On December 26, 1999, the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

23.     On June 28, 2000, the Defendant sent a letter to the Plaintiff for late payment, due on July 26, 2000.

24.     On August 25, 2000 the Plaintiffs paid $305 for continued cryopreservation and storage of the sperm.

25.    On January 31, 2001 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

26.    On September 20, 2001 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

27.    On March 1, 2002 the Plaintiffs paid $200 for continued for six cryopreservation and storage of the sperm.

28.    On October 6, 2002 the Plaintiffs paid $400 for continued cryopreservation and storage of the sperm.

29.    On September 9, 2003 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

30.    On March 26, 2004 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

31.    On November 15, 2004, the Plaintiffs received a letter dated November 10, 2004 for late payment due by November 25, 2004 for cryopreservation and storage from July 2004 through July 2005.

32.    On December 21, 2004 the Plaintiffs sent a check for $400 for continued pryopreservation and storage of the sperm.

33.    Upon receipt of the check, the Defendant notified the Plaintiffs their sperm had been destroyed.

34.    As a result of the foregoing conduct of the Defendant, the Plaintiffs, suffered personal injuries and losses including the loss of their opportunity and ability to reproduce, severe emotional distress, humiliation and embarrassment.

4

35.     As a result of the foregoing conduct the Plaintiffs may require future psychological care and treatment.

36.     As a further result of the foregoing conduct, the Plaintiffs have been denied their fundamental right to reproduce.

37.     Defendant's actions have harmed the Plaintiffs.

**FIRST COUNT (Malpractice)**

1 – 37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this First Count, as if they had been set forth in full.

38.     The Defendant's care and treatment of the sperm deviated from the degree of care, skill and diligence ordinarily exercised by a sperm bank in one or more of the following ways:

a.     It failed to make diligent efforts by telephone and registered mail from the date of last contact with the Plaintiffs before destroying the sperm in violation of the American Society for Reproductive Medicine's Ethical Committee's, "Disposition of Abandoned Embryos," published in *Fertility and Sterility*, Volume 82, Suppl. 1, September 2004.

b.     It failed to give at least 30 days written notice by certified mail, return receipt requested, before destroying the sperm in violation of New York State Health Rules and Regulation, Title 10 §52-8.7(f).

c.     It failed to obtain a notarized "Disposition Form" prior to destroying the sperm;

d.     It failed to ascertain the interests of the Plaintiffs prior to destroying the sperm;

5

e.     It failed to conduct an investigation to ascertain the interests of the Plaintiffs prior to destroying the sperm;

f.     It failed to make diligent efforts by telephone to contact the Plaintiffs before destroying the sperm;

g.     It failed to make diligent efforts by registered mail to contact the Plaintiffs before destroying the sperm;

h.     It failed to give the Plaintiffs adequate notice of nonpayment;

i.     It failed to give the Plaintiffs adequate time to remedy nonpayment;

j.     It failed to exhaust all remedies to recover nonpayment before destroying the sperm; and

k.     It failed to give proper warning before destroying the sperm.

## SECOND COUNT (Negligence)

1 – 37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Second Count, as if they had been set forth in full.

38.     The Plaintiffs' injuries and losses were caused by the negligence and careless of the Defendant, Repro Lab, in one or more of the following respects:

a.     It failed to make diligent efforts by telephone and registered mail from the date of last contact with the Plaintiffs before destroying the sperm in violation of the American Society for Reproductive Medicine's Ethical

6

Committee's, "Disposition of Abandoned Embryos," published in *Fertility and Sterility*, Volume 82, Suppl. 1, September 2004.

          b.        It failed to give at least 30 days written notice by certified mail, return receipt requested, before destroying the sperm in violation of New York State Health Rules and Regulation, Title 10 §52-8.7(f).

          c.        It failed to obtain a notarized "Disposition Form" prior to destroying the sperm;

          d.        It failed to ascertain the interests of the Plaintiffs prior to destroying the sperm;

          e.        It failed to conduct an investigation to ascertain the interests of the Plaintiffs prior to destroying the sperm;

          f.        It failed to make diligent efforts by telephone to contact the Plaintiffs before destroying the sperm;

          g.        It failed to make diligent efforts by registered mail to contact the Plaintiffs before destroying the sperm;

          h.        It failed to give the Plaintiffs adequate notice of nonpayment;

          i.        It failed to give the Plaintiffs adequate time to remedy nonpayment;

          j.        It failed to exhaust all remedies to recover nonpayment before destroying the sperm; and

          k.        It failed to give proper warning before destroying the sperm.

**THIRD COUNT (Negligent Infliction of Emotional Distress)**

1 – 37.   Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Third Count, as if they had been set forth in full.

38.   The Defendant knew or should have known that its conduct and behavior towards the Plaintiffs would cause the Plaintiffs severe emotional distress.

39.   As a result of the Defendant's conduct and behavior the Plaintiffs have suffered and continue to suffer from personal injuries and losses, including severe emotional distress, embarrassment and humiliation.

**FOURTH COUNT (Intentional Infliction of Emotional Distress)**

1 – 37.   Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Fourth Count, as if they had been set forth in full.

38.   The Defendant intended to or disregarded the substantial probability of causing the Plaintiffs severe emotional distress through its extreme and outrageous conduct and behavior.

39.   As a result of the Defendant, Repro Lab's extreme and outrageous conduct and behavior the Plaintiffs have suffered and continue to suffer from severe emotional distress, embarrassment and humiliation.

**FIFTH COUNT (Breach of Contract)**

1-37.   Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Fifth Count, as if they had been set forth in full.

38.   The Defendant's conduct and behavior breached the agreement they had reached with the Plaintiffs.

8

**SIXTH COUNT (Promissory Estoppel)**

1-37.   Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Sixth Count, as if they had been set forth in full.

26.   The Defendant promised to cryopreserve and store the sperm.

27.   The Plaintiffs relied on the Defendant's promise to cryopreserve and store the sperm.

28.   The Defendant broke their promise to cryopreserve and store the sperm.

WHEREFORE, plaintiffs requests that this Court grant judgment to them containing the following relief:

1.   Compensatory damages;

2.   Punitive damages;

3.   Reliance, restitution and property damages;

4.   An order enjoining the defendant from engaging in the wrongful practices alleged herein in the future;

5.   Interest and costs; and

6.   Such other and further relief the Court deems just and proper.

THE PLAINTIFFS,

By:_____

Victoria de Toledo, Esq.
Casper & de Toledo
1458 Bedford Street
Stamford, CT  06905
Tel. No.: (203) 325-8600
Fed. Bar No.: VD6533
Email: vdetoledo@cadetlaw.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Geoffrey Teed and Kiyoko Teed | : | Civil Action No. |
| | : | ___ -Civil- _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Repro Lab, Inc. | : | |
| | : | |
| Defendant. | : | May 22, 2007 |

## PLAINTIFFS' REQUEST FOR TRIAL BY JURY

The Plaintiff hereby requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFFS,

By_____

Victoria de Toledo, Esq.
Casper & de Toledo LLC
1458 Bedford Street
Stamford, CT  06905
Tel. No.:  (203) 325-8600
Fed. Bar No.: VD6533
Email: vdetoledo@cadetlaw.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Geoffrey Teed and Kiyoko Teed | : | CIVIL ACTION NO. |
| | : | |
| Plaintiffs, | : | _____ (    ) |
| | : | |
| v. | : | |
| | : | |
| Repro Lab, Inc. | : | |
| | : | |
| Defendant. | : | May 22, 2007 |

## APPEARANCE OF VICTORIA DE TOLEDO

Please enter my appearance as attorney for Plaintiffs, Geoffrey Teed and Kiyoko Teed.

THE PLAINTIFFS,

By:_____

Victoria de Toledo, Esq.
Casper & de Toledo
1458 Bedford Street
Stamford, CT  06905
Tel. No.: (203) 325-8600
Fed. Bar No.: VD6533
Email: vdetoledo@cadetlaw.com