UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
GEOFFREY TEED and KIYOKO TEED
               Plaintiffs,

     *-against-*
REPROLAB INC.,

             Defendant.
--------------------------------x

NOTICE OF MOTION
Index No. 07CIV.4097

PLEASE TAKE NOTICE that upon the annexed

Declaration of Arthur L. Alexander, dated June 17, 2008,and

the Affidavit of Awilda Grillo, sworn to June 17, 2008,  and

the exhibits thereto, and the accompanying Memorandum of Law,

dated June 17, 2008, and upon all of the pleadings and

proceedings had herein, defendant Reprolab, Inc. will move

this Court, pursuant to Rule 12 (c) of the Rules of this

Court, at the United States District Court, Southern District

of New York Courthouse located at 500 Pearl Street, Room 1630,

New York, New York 10007, before the Hon. THOMAS P. GRIESA, on

July 21, 2008, at 9:30 a.m., or as soon thereafter as counsel

can be heard, for a Judgment dismissing the Complaint against

the defendant.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 6.1(b), plaintiffs are required to serve any opposing affidavits and answering memoranda of law within 10 business days.

Dated: June 17, 2008

Respectfully submitted,

ARTHUR LAWRENCE ALEXANDER, P.C.

By _____
   Arthur L Alexander (AA-4358)
   Attorneys for Defendant
   150 Broadway - 14th Floor
   New York, New York  10038
   Tel.:  (212) 425-3000
   E-mail:  arthur@alalaw.us

TO:      VICTORIA de TOLDEO, ESQ.
         Casper & de TOLDEO
         Attorneys for Plaintiffs
         1458 Bedford Street
         Stamford, CT 06905
         Tel.:  (203) 325-8600

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEOFFREY TEED and KIYOKO TEED

                    PlaintiffS,              Index No. 07 CIV.4097

                    -against-               DECLARATION OF
                                             ARTHUR L. ALEXANDER
REPROLAB INC.,

                              Defendant.

------------------------------------------x

        ARTHUR L. ALEXANDER, in accordance with 28 U.S.C. § 1746,

declares as follows:

        1.    I am a member of the Bar of the State of New York and a

member of the Bar of this Court.   I am also a member of ARTHUR

LAWRENCE ALEXANDER, P.C., attorneys for defendant Reprolab, Inc. in

this case.   I submit this Declaration and Memorandum of Law in

support of defendant's motion for summary judgment dismissing the

Complaint.

        2.    This action, alleging malpractice, negligence and breach

of contract was commenced on May 24, 2008.

        3.    Annexed as Exhibit A is a copy of plaintiff's Complaint.

        4.    As discussed in the accompanying Affidavit of AWILDA

GRILLO, sworn to June 17, 2008, plaintiffs were given ample time to

pay their outstanding bill, and when plaintiffs failed to do so the

defendant properly destroyed plaintiffs' specimen.

5.  Defendant has fully complied with the rule as stated in New York State Department of Health Code 10 NYCRR 52-8.7, effective November 1, 2000, and this motion should be granted and this case dismissed.

Dated:      New York, New York
            June 17, 2008

_____
Arthur L Alexander  (AA-4358)
150 Broadway - 14th Floor
New York, New York  10038



FILED
MAY 24 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Geoffrey Teed and Kiyoko Teed          :        CIVIL ACTION NO.:
                                       :        __ -Civil- __
            Plaintiffs,                :
                                       :
v.                                     :
                                       :        Plaintiff Demands
Repro Lab, Inc.                        :        A Trial by Jury
                                       :
            Defendant.                 :        May 22, 2007

**07 CIV. 4097**

**BRIEANT**

### <u>COMPLAINT</u>

### <u>INTRODUCTION</u>

1.      This is an action to redress the Defendant's wrongful destruction of

the Plaintiffs' sperm and injuries and losses therefrom, including severe

emotional distress, humiliation, embarrassment, lost opportunity to reproduce,

lost ability to reproduce, lost right to reproduce and others under the common,

statutory and regulatory law of the State of New York.

### <u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§1332(a) because the Plaintiffs and Defendant are citizens of different states and

the amount in controversy exceeds $75,000 and this Court's supplemental

jurisdiction under 28 U.S.C. §1367(a).

### <u>PARTIES</u>

3.      During all times relevant to this complaint the Plaintiffs, Geoffrey

Teed and Kiyoko Teed were citizens of the United States and resided in the

State of Connecticut.

4.    The Defendant, Repro Lab, Inc. ("Repro Lab") is a corporation organized and existing under the Executive Law of New York.

5.    Repro Lab's headquarters are in New York, New York.

**THE FACTS**

6.    The Defendant is a sperm bank providing sperm cryopreservation and storage.

7.    The Defendant provides patients and/or customers an opportunity to preserve their sperm for later use in reproduction.

8.    The Defendant's patients and/or customers diagnosed with medical conditions use these services when treatment for their medical condition will render them sterile.

9.    Sperm cryopreservation is the only established method of fertility preservation for men.

10.    The Plaintiff, Geoffrey Teed, contacted the Defendant, Repro Lab following his diagnosis with cancer.

11.    The Defendant learned of the Plaintiff, Geoffrey Teed's diagnosis with cancer and the impending chemotherapy that would render him sterile.

12.    The Plaintiff, Geoffrey Teed, reached an agreement with the Defendant, Repro Lab that provided for proper cryopreservation and storage of his sperm.

13.    On or about January 13, 1997, the Plaintiff, Geoffrey Teed, deposited three vials of sperm with the Defendant, Repro Lab.

O:\WF\O-P\TEED\Plead\Complaint 5.22.07.doc

14.    At that time and place, the Defendant began cryopreservation and storage of the sperm.

15.    At all times relevant herein, the Plaintiffs were the legal owners and had sole discretion over the disposition of the sperm.

16.    The vials of sperm stored by the Defendant were the Plaintiff, Geoffrey Teed's only means of reproducing.

17.    After January 13, 1997, the Plaintiff, Geoffrey Teed, underwent chemotherapy that rendered him sterile.

18.    On March 7, 1997 the Plaintiffs paid $300 for cryopreservation and storage of the sperm.

19.    On August 24, 1998 the Plaintiffs paid $150 for continued cryopreservation and storage of the sperm.

20.    On October 9, 1998 the Plaintiffs paid $100 for continued cryopreservation and storage of the sperm.

21.    On March 26, 1999, the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

22.    On December 28, 1999, the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

23.    On June 28, 2000, the Defendant sent a letter to the Plaintiff for late payment, due on July 26, 2000.

24.    On August 25, 2000 the Plaintiffs paid $305 for continued cryopreservation and storage of the sperm.

O:\WRONTEED\BreachComplaint 5.22.07.doc

25.    On January 31, 2001 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

26.    On September 20, 2001 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

27.    On March 1, 2002 the Plaintiffs paid $200 for continued for six cryopreservation and storage of the sperm.

28.    On October 6, 2002 the Plaintiffs paid $400 for continued cryopreservation and storage of the sperm.

29.    On September 9, 2003 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

30.    On March 26, 2004 the Plaintiffs paid $200 for continued cryopreservation and storage of the sperm.

31.    On November 15, 2004, the Plaintiffs received a letter dated November 10, 2004 for late payment due by November 25, 2004 for cryopreservation and storage from July 2004 through July 2005.

32.    On December 21, 2004 the Plaintiffs sent a check for $400 for continued pryopreservation and storage of the sperm.

33.    Upon receipt of the check, the Defendant notified the Plaintiffs their sperm had been destroyed.

34.    As a result of the foregoing conduct of the Defendant, the Plaintiffs, suffered personal injuries and losses including the loss of their opportunity and ability to reproduce, severe emotional distress, humiliation and embarrassment.

G:\WP\OFP\TEED\FlendComplaint 3.22.07.doc

35.    As a result of the foregoing conduct the Plaintiffs may require future psychological care and treatment.

36.    As a further result of the foregoing conduct, the Plaintiffs have been denied their fundamental right to reproduce.

37.    Defendant's actions have harmed the Plaintiffs.

**FIRST COUNT (Malpractice)**

1 – 37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this First Count, as if they had been set forth in full.

38.    The Defendant's care and treatment of the sperm deviated from the degree of care, skill and diligence ordinarily exercised by a sperm bank in one or more of the following ways:

a.    It failed to make diligent efforts by telephone and registered mail from the date of last contact with the Plaintiffs before destroying the sperm in violation of the American Society for Reproductive Medicine's Ethical Committee's, "Disposition of Abandoned Embryos," published in *Fertility and Sterility*, Volume 82, Suppl. 1, September 2004.

b.    It failed to give at least 30 days written notice by certified mail, return receipt requested, before destroying the sperm in violation of New York State Health Rules and Regulation, Title 10 §52-8.7(f).

c.    It failed to obtain a notarized "Disposition Form" prior to destroying the sperm;

d.    It failed to ascertain the interests of the Plaintiffs prior to destroying the sperm;

5

    e.    It failed to conduct an investigation to ascertain the interests of the Plaintiffs prior to destroying the sperm;

    f.    It failed to make diligent efforts by telephone to contact the Plaintiffs before destroying the sperm;

    g.    It failed to make diligent efforts by registered mail to contact the Plaintiffs before destroying the sperm;

    h.    It failed to give the Plaintiffs adequate notice of nonpayment;

    i.    It failed to give the Plaintiffs adequate time to remedy nonpayment;

    j.    It failed to exhaust all remedies to recover nonpayment before destroying the sperm; and

    k.    It failed to give proper warning before destroying the sperm.

**SECOND COUNT (Negligence)**

1 – 37.    Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Second Count, as if they had been set forth in full.

38.    The Plaintiffs' injuries and losses were caused by the negligence and careless of the Defendant, Repro Lab, in one or more of the following respects:

    a.    It failed to make diligent efforts by telephone and registered mail from the date of last contact with the Plaintiffs before destroying the sperm in violation of the American Society for Reproductive Medicine's Ethical

6

Committee's, "Disposition of Abandoned Embryos," published in *Fertility and Sterility*, Volume 82, Suppl. 1, September 2004.

      b.     It failed to give at least 30 days written notice by certified mail, return receipt requested, before destroying the sperm in violation of New York State Health Rules and Regulation, Title 10 §52-8.7(f).

      c.     It failed to obtain a notarized "Disposition Form" prior to destroying the sperm;

      d.     It failed to ascertain the interests of the Plaintiffs prior to destroying the sperm;

      e.     It failed to conduct an investigation to ascertain the interests of the Plaintiffs prior to destroying the sperm;

      f.     It failed to make diligent efforts by telephone to contact the Plaintiffs before destroying the sperm;

      g.     It failed to make diligent efforts by registered mail to contact the Plaintiffs before destroying the sperm;

      h.     It failed to give the Plaintiffs adequate notice of nonpayment;

      i.     It failed to give the Plaintiffs adequate time to remedy nonpayment;

      j.     It failed to exhaust all remedies to recover nonpayment before destroying the sperm; and

      k.     It failed to give proper warning before destroying the sperm.

7

**THIRD COUNT (Negligent Infliction of Emotional Distress)**

1 – 37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Third Count, as if they had been set forth in full.

38.    The Defendant knew or should have known that its conduct and behavior towards the Plaintiffs would cause the Plaintiffs severe emotional distress.

39.    As a result of the Defendant's conduct and behavior the Plaintiffs have suffered and continue to suffer from personal injuries and losses, including severe emotional distress, embarrassment and humiliation.

**FOURTH COUNT (Intentional Infliction of Emotional Distress)**

1 – 37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Fourth Count, as if they had been set forth in full.

38.    The Defendant intended to or disregarded the substantial probability of causing the Plaintiffs severe emotional distress through its extreme and outrageous conduct and behavior.

39.    As a result of the Defendant, Repro Lab's extreme and outrageous conduct and behavior the Plaintiffs have suffered and continue to suffer from severe emotional distress, embarrassment and humiliation.

**FIFTH COUNT (Breach of Contract)**

1-37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Fifth Count, as if they had been set forth in full.

38.    The Defendant's conduct and behavior breached the agreement they had reached with the Plaintiffs.

**SIXTH COUNT (Promissory Estoppel)**

1-37.  Paragraphs 1-37 are hereby incorporated by reference as paragraphs 1 through 37 of this Sixth Count, as if they had been set forth in full.

26.  The Defendant promised to cryopreserve and store the sperm.

27.  The Plaintiffs relied on the Defendant's promise to cryopreserve and store the sperm.

28.  The Defendant broke their promise to cryopreserve and store the sperm.

WHEREFORE, plaintiffs requests that this Court grant judgment to them containing the following relief:

1.  Compensatory damages;

2.  Punitive damages;

3.  Reliance, restitution and property damages;

4.  An order enjoining the defendant from engaging in the wrongful practices alleged herein in the future;

5.  Interest and costs; and

6.  Such other and further relief the Court deems just and proper.

THE PLAINTIFFS,

By: _____

Victoria de Toledo, Esq.
Casper & de Toledo
1458 Bedford Street
Stamford, CT  06905
Tel. No.: (203) 325-8600
Fed. Bar No.: VD6533
Email: vdetoledo@cadetlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GEOFFREY TEED and KIYOKO TEED

                    PlaintiffS,                    AFFIDAVIT

                    -against-

REPROLAB INC.,                              Index No. 07 CIV.4097

                              Defendant.

------------------------------------------x

State of New York    )
                     ):ss
County of New York   )

        AWILDA GRILLO, being duly sworn, hereby deposes and states:

        1.          I am the president of Reprolab, Inc., the
defendant in this case, and make this affidavit in support of
defendant's motion to dismiss the complaint, pursuant to FCRP 12
(b)(6).

        2.          Plaintiffs' base their jurisdiction upon U.S.C.
§ 1332 (a)(i).  At this time, however, defendant does not concede
that the $75,000 threshold can be met.

        3.          Defendant is a tissue bank, licensed by New
York State Department of Health, License No. GA011.  The license
was last renewed on March 21, 2008 and it expires April 1, 2009.
The rules promulgated by said agency are contained in 10 NYCRR 52-
8.7.

4.          Plaintiff's action is predicated on the claim that defendant wrongfully destroyed plaintiff's semen specimen.

5.          Defendant's position, which is based upon documentary evidence, is that the plaintiffs do not have a cause of action.  Defendant has followed the rules and regulations promulgated by the New York State Department of Health concerning a tissue bank, by which defendant is licensed accordingly.

6.          Repro Lab *inter alia* offers a client depositor program and complete semen cryobanking services with programs for short and long-term storage.

7.          Plaintiff Geoffrey A. Teed entered into an agreement for cryo-preservation and storage of semen with the defendant on or about January 13, 1997.  A copy of the agreement, which was signed March 7, 1997, together with a copy of the instructions for disposition of any specimens, dated January 13, 1997, are annexed collectively as Exhibit B.

8.          Plaintiff delivered specimens to defendant twice: two vials on January 13, 1997 and three vials on January 22, 1997.  Storage was for a fixed period of one year.  It was further provided that, if plaintiffs wished to extend this storage period, a new agreement would be signed and fees paid prior to the expiration of the current agreement.

9.        Plaintiffs renewed the storage agreement, dated April 21, 1998, for five additional periods of one year each, commencing January 13, 1998 through the end 2002.

10.       On or about July 28, 2000, plaintiff authorized transfer to the Center for Advanced Reproductive Medicine in Norwalk, Connecticut, and signed a release form for all specimens in defendant's bailment. A copy of that release is attached as Exhibit C. Thereafter on August 24, 2000, the plaintiff's medical records were sent to Dr. Michael B. Doyle of Norwalk, Connecticut. A copy of the Specimen Release Form and Release of Medical Records form, both signed and dated August 24, 2000, are annexed hereto as Exhibit D. On November 6, 2000, two vials were sent to Dr. Doyle via Fed Ex, and July 12, 2001 two vials were sent via Fed Ex. Payment for the $400 storage fee for the one vial remaining in defendant's possession was made in two payments of $200 each on September 24, 2001 and March 4, 2002.

11.       Our records indicate that on October 21, 2002, a certified letter was sent to plaintiff with respect to failure to pay storage fees. Thereafter, on October 30, 2002, payment in the sum of $400 was made.

12.       Thereafter, for the following year, on June 9, 2003 and August 27, 2003, bills were sent out to plaintiff for continued storage. On September 1, 2003, payment in the amount of $200 was received. Further bills were sent on December 30, 2003

and February 26, 2004, after which, on March 29, 2004, payment of $200 was received.  Thereafter on June 12, 2004 and August 25, 2004, bills were sent to plaintiff.  On November 10 2004, defendant sent plaintiff a letter by Certified mail, Return Receipt Requested, demanding payment.  A copy of this letter is annexed as Exhibit E, marked "Final Notice" of payment in arrears of $150.  The letter also contains the option for continued storage at rates of $200 for six months, $400 for one year, with appropriate discounts for longer periods of three and five years. This letter was delivered to co-plaintiff Kiyoko Teed, and the Return Receipt card shows it was received on November 15, 2004.  A copy of the certified mail receipt is copied on the same sheet with the letter.

13.          Plaintiffs did not respond to defendant.  On December 22, 2004, the remaining vial in the defendant's possession was destroyed.

14.          Subsequently, on December 28, 2004, defendant received a check from plaintiff for payment in the sum of $400 for continued storage.  On December 30, 2004, Reprolab personnel called plaintiff and spoke to Kiyoko Teed and explained that the specimen was destroyed as more than 30 days had elapsed after the certified letter was sent.  The plaintiff Kiyoko Teed instructed the employee to destroy the check.

- 4 -

WHEREFORE it is respectfully prayed for judgment dismissing the Complaint and for such other and further relief as to the Court may seem just and proper.

_____
Awilda Grillo

Sworn to before me this
17th of June, 2008.

_____

ARTHUR L. ALEXANDER
Notary Public • State of NY
Qualified in NY County
No. 02AL4620748
Comm. Exp. 05/31/2011

ARTHUR L. ALEXANDER
Notary Public • State of NY
Qualified in NY County
No. 02AL4620748
Comm. Exp. 05/31/2011



*Repro Lab*

336 East 30th Street, New York, NY 10016
Phone: (212) 779-3988 • Fax: (212) 779-3907

## ULTIMATE DISPOSITION OF SPECIMENS

Patient's Name: GEOFFREY A. TEBO

Address: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ NORWALK, CT 06850

*Please check your choices below.*

### In the event of my death:

○    I agree that my spouse shall have the sole right to make decisions regarding the disposition of my semen samples. I authorize Repro Lab to release my specimens to my legal spouse (specify name)_____.

☒    I authorize and instruct Repro Lab to destroy all semen vials in its possession.

○    Other:_____

_____


### In the event my spouse and I both die: *(if applicable)*

☒    I authorize and instruct Repro Lab to destroy all semen vials in its possession.

○    Other:_____

_____


This represents the entire agreement between parties concerning the subject matter; and there are no understandings, agreements or representations other than as herein set forth. This agreement shall be binding upon the parties and their respective assigns, heirs, executors and administrators.

Date: 1/13/97·          Patient's Signature: _Geoff A. Te_

NOTARY: (if not signed at Repro Lab)

Parent's Signature:_____
(if patient is under 18)

Repro Lab Personnel: _____

## EXHIBIT B



*Repro Lab, Inc.*

PAID MAR 1 0 1997

336 East 30th Street, New York, NY 10016
Phone: (212) 779-3988  Fax: (212) 779-3907

# CRYOPRESERVATION AND STORAGE AGREEMENT

Patient's Name: **Geoffrey Teed**
Address: ████████████████ **Norwalk , Ct 6850**    Phone: **203-840-0721**
Physician's Name: **Karpeth**

Repro Lab certifies that on **January 13, 1997**    semen vials of the above named patient are cryopreserved and stored at our facility for a period of    year(s). The fee for the above storage period is $ **300**    and will be paid by the patient when signing this contract. Please note that the number of vials does not correspond to the number of visits.   The following storage contracts are available:

|              |           |
|--------------|-----------|
| **1 Year**   | **$300.00** |
| **3 Years**  | **$810.00** |
| **5 Years**  | **$1200.00** |

Repro Lab will release the specimens only to the patient or his designee at the expressed written authorization of the patient. One week's notice is necessary prior to any transfers or shipments. All shipping and handling fees must be paid in full at the time of the order. If these fees are not prepaid at the time of the shipment, Repro will automatically cancel the order.

**This agreement between parties will terminate and Repro Lab's responsibility will cease if any of the following events occur:**

A) Release of all stored semen vials by written authorization of the patient.

B) Written consent of the patient authorizing destruction of all specimens then presently stored.

C) Expiration of the above storage period.
*If the patient wants to extend the storage period, a new agreement shall be signed and storage fees shall be paid prior to the expiration date of this present agreement. (All fees are subject to change without notice)*

Sperm has been successfullycryopreserved  since the late 60's  with no reports of any adverse effects. Nevertheless, Repro Lab is not responsible or liable for any consequences of artificial insemination with cryopreserved semen.

Date: **3/7/97**                          Patient's Signature: _____

Repro Lab Personnel:_____    Parent's Signature:_____
                                         (if patient is under 18)

# EXHIBIT B



## *Repro Lab, Inc.*

336 East 30th Street, New York, NY 10016
Phone: (212) 779-3988  Fax: (212) 779-3907

### DISPOSITION OF SPECIMENS

Patient's Name: _Geoffrey Teed_

Address: ███████████████, Norwalk, CT 06857

I no longer wish for my semen samples to be stored at Repro Lab. I release Repro Lab, its officers, directors and agent from any duty of responsibility for storing my semen specimens.

Our agreement has terminated and I authorize Repro Lab to : (please check your choice)

☐ Dispose of my semen vials.

☒ Release and transfer all my semen vials to:

Name: _Center for Advanced Reproductive Medicine_

Address: _10 Glover Avenue_
_Norwalk, CT 06850_

Telephone: _(203) 750-7400_

This represents the entire agreement between parties concerning the subject matter; and there are no understandings, agreements or representations other than as herein set forth. This agreement shall be binding upon the parties and their respective assigns, heirs, executors and administrators.

Date: _7/28/00_          Patient's Signature: _____

Repro Lab Personnel: _____      NOTARY: (if not signed at Repro Lab)



EXHIBIT C



## *Repro Lab, Inc.*

336 East 30th Street, New York, NY 10016
Phone. (212) 779-3988  Fax: (212) 779-3907

## SPECIMEN RELEASE FORM

I, Geoffrey Teed _____, hereby authorize Repro Lab to release and transfer my
    Patient's Full Name

semen specimens to Dr. Doyle _____ for the use in artificial insemination

or other assisted reproductive procedures on my spouse Kiyoko Sealander Teed.

The physician or I will contact you to specify the number of vials to be transferred and date needed.

2 vials

LIMITATIONS ON OUR LIABILITY

Upon the transfer or release of the semen specimens, Repro Lab, Inc., its physicians, administrators,
agents will not be liable for

(1) Any damage, whether direct, incidental, special, consequential to the specimens.
(2) For loss, or delay caused by events we cannot control, including but not limited to
weather conditions, natural disaster, war, fire, theft, acts of vandalism, governmental interference or
regulation, or any other cause not within the direct or immediate control of Repro Lab.
(3) Any failure of any outside agent or courier to deliver specimens in a timely manner and deliver
dry shipper in good condition.
(4) Improper supervision, maintenance, and storage of specimens at the new site.
(5) Improper handling, and thawing of specimens at new site.
(6) Failure of specimen to induce pregnancy.

By signing below, I acknowledge that I have read and accept all of the limitations above and have
authorized Repro Lab to release specimens to the above physician if ordered by myself, my spouse or by
physician's office.

Date: 8·24·00    Patient's Signature: _____

Patient's Date of Birth ███████ 61  Patient's Social Security # ████████ 7852

NOTARY: (if not signed at Repro Lab)  8-25-00 _____

        Lloyoma J. Simpson
        (Notary) My Commission Expires 1-31-01
wsdprect\forms\release203/00AG
        Fairfield Cty, Ct

# EXHIBIT D



## *Repro Lab, Inc.*

336 East 30th Street, New York, NY 10016
Phone: (212) 779-3983  Fax: (212) 779-3907

## **RELEASE OF MEDICAL RECORDS**

I, *Geoffrey Teed* _____ authorize Repro Lab, Inc. to release my medical records
to:

Physician's name: *Dr. Michael S. Doyle*
(Full name)

Address: *10 Glover Avenue*
(Number, Street, Suite #)

*Norwalk CT 06850*
(City, State, Zip Code)

Patient's Signature: _____  Initials: (S)

Date: *8-24-00*  Social Security No.: ███-██-*7852*  DOB ██/██/*61*

# EXHIBIT D

# EXHIBIT E

### Repro Lab, Inc.

**336 East 30th Street, New York, NY 10016**
**Phone: (212) 779-3988  Fax: (212) 779-3907**

November 10, 2004

Geoffrey Teed

Easton, CT 06612

Re: Storage fee
Due: Nov. 25, 2004

July, 2004-2005

Due : $400.00

FINAL NOTICE

Please submit payment by the due date. If payment is not received, Repro Lab will be under no further obligations to continue storing your specimens.

If you are no longer interested in storing your specimens please complete, sign, Notarize and return the enclosed Disposition Form. Furthermore, you will still be responsible to pay an overdue storage fee of $150.00 for July -November, 2004.

The storage option plans are the following: $200.00 for 6 months, $400.00 for one year, $960.00 for 3 years and $1600.00 for 5 years. Kindly select an option and submit the appropriate payment. All storage fees are not refundable.

Sincerely,

Marina Khinchina
Accounts Payable

---

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Geoffrey Teed*

*Easton, CT 06612*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *[signature]*   ☐ Agent   ☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery
*Geoffrey Teed*   *11-15-4*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.