```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
GEOFFREY TEED and KIYOKO TEED

              PlaintiffS,

         -against-
REPROLAB INC.,                           Index No. 07 CIV.4097

              Defendant.

-------------------------------------x
```

## MEMORANDUM OF LAW

```
                              ARTHUR LAWRENCE ALEXANDER, P.C.
                              Attorneys for Defendant
                              150 Broadway - 14th floor
                              New York, New York 10038
                              (212) 425-3000



VICTORIA de TOLDEO, ESQ.
Casper & de TOLDEO
Attorneys for Plaintiffs
1458 Bedford Street
Stamford, CT 06905
Tel: (203) 325-8600
```

1

FACTS

The action brought by plaintiffs, husband and wife, against defendant, a tissue bank, concerns itself with the fact that the tissue bank destroyed a vial of semen which it was storing for plaintiffs.

On November 10, 2004, a notice, stating that if payment for storage charges was not made the defendant would no longer be responsible for storage of the specimen, was sent to plaintiff Geoffrey Teed.  On November 15, 2004, plaintiff Kiyoko Teed signed the receipt for the defendant's letter sent by Certified Mail, Return Receipt Requested.

No payment was received and on December 22, 2004, 47 days after notice was sent, defendant disposed of the sole specimen in its possession.  Payment was tendered by plaintiffs on December 28, 2004.

Defendant is a tissue bank, licensed by New York State Department of Health No. GA011.  The license was last renewed on March 21, 2008 and it expires April 1, 2009.  The rules promulgated by said agency are contained in 10 NYCRR 52-8.7.

**ARGUMENT**

The rule which is controlling in the instant case is New York State Department of Health Code, effective November 1, 2000, 10 NYCRR 52-8.7 entitled "Collection, Storage and Disposition of Reproductive tissue", provides:

> (f) Reproductive tissue stored for a client-depositor shall not be destroyed or released for other purposes as a result of non-payment of storage fees or for any other reasons, without documentation that the client was given at least 30 days notice by Certified written mail, Return Receipt Requested."

Defendant complied with its obligations under this section and cannot be held liable for properly disposing of the specimen.  Had plaintiffs paid their bills in a timely fashion, the specimen would not have been destroyed. Plaintiffs, after failing to pay what was due, after multiple notices were made by defendant, cannot now complain that defendant did not act within its rights and in accordance with applicable law.

## Conclusion

Under the circumstances, defendant acted within the rules.  It is respectfully submitted that the defendant properly and within the scope of its license and the regulations governing that license, did not dispose of the

3

**specimen until after more than 30 days following notice sent to plaintiffs by Certified Mail, Return Receipt Requested. It is respectfully prayed that the complaint be dismissed, together with such other and further relief as to the Court may seem just and proper.**

**_____
Arthur L. Alexander (AA-4358)
ARTHUR LAWRENCE ALEXANDER P.C.
150 Broadway – 14th floor
New York, NY 10038**