UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Geoffrey Teed and Kiyoko Teed | ) |
| | ) Case No.: 1:07-cv-4097 (TPG) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| | ) |
| Repro Lab, Inc. | ) |
| | ) |
| Defendant | ) June 26, 2008 |

**OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

JEREMY C. VIRGIL, in accordance with 28 U.S.C. §1746, declares as follows:

1. I am a member of the Bar of the State of New York and a member of the Bar of this Court. I am also an associate at the firm of CASPER & DETOLEDO, LLC, attorneys for the Plaintiffs, GEOFFREY TEED and KIYOKO TEED. I submit this Declaration in Objection to Defendant's motion for summary judgment dated June 17, 2008.

2. This action, alleging malpractice, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract and promissory estoppel, was commenced on May 24, 2007.

3. Proper service of the Complaint was made on June 8, 2007.

4. On August 9, 2007, the Plaintiffs moved for the entry of a default as a result of Defendant's failure to appear.

5. On January 4, 2008, the Court entered a default against the Defendant.

6. Annexed hereto, as Exhibit A, is a copy of the default.

7. On May 16, 2008, the Court held a pretrial conference in this case. During the pretrial conference, the Plaintiffs were instructed to send a letter to

Defendant's principal place of business so that the Defendant had an additional opportunity to appear before a hearing was held to determine the amount of damages.

  8. On May 19, 2008, the Plaintiffs sent a letter to Defendant's principal place of business.

  9. Annexed hereto, as Exhibit B, is a copy of the letter.

  10. On June 17, 2008, the Defendant filed an appearance and the instant motion for dismissal/summary judgment under FRCP 12(c).

  11. A defaulted Defendant does not have the ability to raise defenses extending to the merits of the claim. *Matychak v. Security Mut. Ins. Co.*, 181 A.D.2d 957, 958-59 (1992)(insurance company could not redispute underlying claim where duty to defend disclaimed and default entered against Defendant).

  12. No FRCP 55 motion to set aside the default has been filed.

  13. A default can only be set aside upon a showing of good cause.

  14. No cause has been shown.

  15. Defendant is precluded from pursuing a motion for dismissal/summary judgment.

  16. If the Court determines that the default it entered can be ignored by Defendant, then Plaintiffs request an opportunity to respond to the substance of the summary judgment motion.

                                                    THE PLAINTIFFS

                                     By: /S/ Jeremy C. Virgil
                                          Jeremy C. Virgil, Esq.
                                          Casper & de Toledo LLC
                                          1458 Bedford Street
                                          Stamford, CT  06905
                                          Tel. No.: 325-8600
                                          Fed. Bar No. : JV4444

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via the Court's electronic notification system on this day to the following counsel of record:

    Arthur L. Alexander
    Arthur Lawrence Alexander, P.C.
    150 Broadway – 14th Floor
    New York, NY 10038

                                              /S/ Jeremy C. Virgil
                                                Jeremy C. Virgil